IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KALEB WILSON,

    Plaintiff,

v.                                CIVIL ACTION NO. 2:12cv368

ISLE OF WIGHT COUNTY and
REBECCA MERCER,
HOWARD FREEMAN,
ANTOINETTE BASHAM,

    Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Having carefully considered the parties' pleadings, this matter is now ripe for disposition. For the reasons set out below, the Court **GRANTS** Defendants' Motion to Dismiss.

### I. FACTS & PROCEDURAL HISTORY

On or about September 23, 2009, Plaintiff, a student at Smithfield High School, was assaulted by another student while riding on an Isle of Wight County School bus that Defendant Basham was driving. Compl. ¶ 4-6. After the assault, Basham would not allow Plaintiff to leave the bus and returned to Smithfield High School. Compl. ¶ 4. Defendants Mercer and Freeman then required Plaintiff to remain in a school building, preventing him from seeking outside medical treatment. *Id.*

On July 9, 2012, Kaleb Wilson ("Plaintiff") filed the instant Complaint against Defendants, Isle of Wight County, Rebecca Mercer, Howard Freeman, and Antoinette Basham (collectively "Defendants"), pursuant to 42 U.S.C. § 1983 for violation of his civil rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and gross negligence under Virginia state law.

In Count One of the Complaint, Plaintiff asserts that Defendants were "deliberately indifferent" to his safety, resulting in the assault and deprivation of his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Compl. ¶ 8-9. Plaintiff also alleges that Defendants violated his rights by allowing his assailant to remain enrolled at Smithfield High School. Compl. ¶ 12. In addition, Plaintiff alleges that Defendants violated his constitutional rights through various other omissions, including, failure to provide proper supervision on its school buses and failure to keep a proper log of any serious incidents, accidents, or injuries to students. Compl. ¶ 5.

In Counts Two and Three, Plaintiff contends that Defendants acted with gross negligence in responding to the assault and failing to adopt measures that would have prevented it. *See* Compl. ¶ 18-33. Plaintiff seeks Fifty Million Dollars ($50,000,000) in compensatory damages and Three Hundred Fifty Thousand Dollars ($350,000) in punitive damages.

On November 9, 2012, Defendants filed a Motion to Dismiss the Complaint alleging that Plaintiff failed to state a claim upon which relief can be granted. Defs.' Mot. Dismiss. Defendants posit that Plaintiff has failed to allege the criminal detention necessary to invoke the protections of the Eighth Amendment and has failed to sufficiently allege that Defendants deprived him of a liberty interest under the Fifth and Fourteenth Amendments. Plaintiff

responded with a Memorandum in Opposition on November 25, 2012.[1] Defendants filed their rebuttal brief on November 30, 2012.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complaint and assume that the facts alleged therein are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III. DISCUSSION

In order to maintain an action under 42 U.S.C. § 1983 ("§ 1983"), a plaintiff must (1) allege a violation of constitutional or statutory rights, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48

---

[1] In the Memorandum in Opposition, Plaintiff concedes that the facts alleged do not give rise to an Eighth Amendment violation. Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED.

3

(1988). Before proceeding with a § 1983 clam, the Court will determine whether the asserted right actually exists. *Jensen v. Conrad*, 747 F.2d. 185, 190 (4th Cir. 1984). In this case, Plaintiff alleges that Defendants' various acts and omissions deprived him of his liberty without due process of law as guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff requests relief under § 1983 because Defendants were state actors in their role as administrators and agents of the School.

Defendants assert that Plaintiff has not alleged a cognizable violation of his constitutional rights, in part, because the perpetrator of the attack was a private individual, not school officials. The law is clear that "a state's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Stevenson ex rel. Stevenson v. Martin County Bd. of Educ.*, 3 Fed.Appx. 25, 30 (4th Cir. 2001) (unpublished) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). However, if the state has a special relationship with the individual, the state has an affirmative duty to protect the individual from harm inflicted by third parties. *DeShaney*, 489 U.S. at 200. Plaintiff argues that "whether or not Defendants had a constitutional duty to protect [him]," their deliberate indifference to Plaintiff's injuries and act of restraining him from seeking immediate medical treatment amounts to a form of custody that created a special relationship. *See* Pl. Resp. to Def's. Mot. to Dismiss at 2.

Plaintiff correctly points out that "the single relevant factor in determining if an affirmative duty exists... is whether the officials have so restrained the victim as to prevent him from acting on his own behalf." *B.M.H. v. The School Bd. of the City of Chesapeake*, 833 F. Supp. 560, 569 (E.D. Va. 1993). However, several circuits, including the Fourth Circuit Court of

Appeals ("Fourth Circuit"), have uniformly held that a school-student relationship is not a "special relationship" that triggers the protections of the Due Process Clause. *Stevenson* 3 Fed.Appx. at 31 (summarizing case law). The Fourth Circuit has further recognized that "incarceration, institutionalization, or the like" is necessary to trigger the affirmative duty under the Due Process Clause. *Id* (quoting *Pinder v. Johnson*, 54 F.3d 1169, 1175 (4th Cir. 1995) *see also B.M.H.*, 833 F. Supp. at 569 ("[the law] require[s] that the relationship be one that so restrains the individual that he becomes wholly dependent upon the State for basic needs...."). Plaintiff's allegations do not rise to the level of "restraint" necessary to trigger an affirmative duty. *Stevenson* at 31 ("Attending school is not the equivalent of incarceration or institutionalization.") (citing *Youngberg v. Romeo*, 457 U.S. 307(1982)). Upon review of the facts alleged in the Complaint, the Court finds that Plaintiff's claim falls squarely within the *B.M.H.* precedent. In *B.M.H.*, a female student who was sexually assaulted by a fellow student brought an action under § 1983 and Virginia law against school personnel and the school board for their failure to protect her from the attack. Rejecting Plaintiff's Due Process claim, the Court held that "there is, as a matter of law, no 'special relationship' under the Fourteenth Amendment" between public school personnel and students. *Id* at 565. The law unambiguously states that no "special relationship" existed between the parties in this case.

Plaintiff's assertion that Defendants are liable, "whether or not they had a constitutional duty to protect [him]" is erroneous. The Court cannot overlook the fact that clearly established law requires the existence of some "special relationship" before a court can find that state actors are under a constitutional duty. Plaintiff has failed to show that Defendants were under a constitutional duty to protect him, and thus Plaintiff has failed to satisfy the requirements of a

valid Due Process claim. Accordingly, Defendants' Motion to Dismiss Plaintiff's Fifth and Fourteenth Amendment claims is **GRANTED**.

Having found that Plaintiff's Due Process claim does not constitute a cognizable violation of a constitutional right, the Court further finds that Plaintiff has not stated a claim for which relief can be granted under 42 U.S.C. § 1983. Consequently, Defendants' Motion to Dismiss for failure to state a claim is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's federal claims have been dismissed, the Court declines to consider the remaining state law claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726; 28 U.S.C. § 1367.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
March 4, 2013.